IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JAMES R. REECE               )
                               )
      v.                   )     NO. 3:15-0361
                               )
L. RAY WHITLEY, et al.       )


TO:  Honorable John T. Nixon, Senior District Judge


## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered April 14, 2015 (Docket Entry No. 3), this action was referred to the

Magistrate Judge, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C.

§§ 636(b)(1)(A) and (B), for management of the case, to dispose or recommend disposition of any

pretrial motions, and to conduct further proceedings, if necessary.

Presently pending before the Court are seven motions to dismiss filed by the defendants in

this action: 1) the motion to dismiss (Docket Entry No. 35) and amended motion to dismiss (Docket

Entry No. 59) of Defendant Laura A. Frost; 2) the motion to dismiss (Docket Entry No. 39) of

Defendants Robert Cooper, Meridith DeVault, Dee David Gay, Allen Glenn, Tom Gray, Lytle James,

William Lamberth, CL "Buck" Rogers, Jerry Smith, Robert Wedemeyer, Ray Whitley, Tara Wiley,

John Williams, and John Wootten, Jr.; 3) motion to dismiss (Docket Entry No. 44) of Defendants

James Hunter, The County of Sumner, and Mahailiah Hughes; 4) the motion to dismiss (Docket

Entry No. 48) of Defendant Nathan Whittle; 5) the motion to dismiss (Docket Entry No. 51) of

Defendants Andrew Beasley and Manuel Russ; 6) the motion to dismiss (Docket Entry No. 61) of

Defendants Wilson County, Tennessee and John T. Gwin; and 7) the motion to dismiss (Docket

Entry No. 63) of Defendants City of Gallatin, Tennessee and Chris Vines. Set out below is the Court's recommendation for disposition of the motions.

## I. BACKGROUND

James R. Reece ("Plaintiff") is a current resident of Texas. The instant lawsuit was filed by him *pro se* on April 2, 2015, and is but one of a string of lawsuits brought by Plaintiff regarding events that began in 2009 and have been ongoing for several years.

The basic historical facts are as follows. Plaintiff was arrested in Sumner County, Tennessee, on September 19, 2009, by City of Gallatin police officer Chris Vines on a charge of aggravated assault after being involved in a violent fight with another man at Plaintiff's residence. Plaintiff was later indicted and went to trial on December 7-8, 2010. Plaintiff proceeded at trial without counsel after several defense counsel were appointed for him but were permitted to withdraw from his case. Plaintiff was convicted of the charge and sentenced to six years of imprisonment. His appointed appellate counsel then filed a successful direct appeal, and the conviction was overturned after the Tennessee Court of Criminal Appeals' found that Plaintiff had not waived or forfeited his Sixth Amendment right to counsel and was, thus, entitled to a new trial. *See State v. Reece*, 2013 WL 1089097 (Tenn. Ct. Crim. App. March 14, 2013). Plaintiff was subsequently released upon bond pending a new trial.

At his new trial on April 1, 2014, Plaintiff was represented by counsel and was acquitted. Despite his acquittal, he thereafter filed a *pro se* appeal from the judgment of acquittal raising arguments about the legality and authority of certain aspects of the state criminal proceedings that had occurred during the prior 5 years and about the legality of the trial judge's action of jailing

Plaintiff for twenty days based upon a finding of contempt.  *See* Docket Entry No. 80-7.  The

Tennessee Court of Criminal Appeals dismissed Plaintiff's appeal from the judgment of acquittal,

finding that there was no right to an appeal as of right after an acquittal and that any challenges made

to the original charging instrument or arrest were moot, and affirmed the trial judge's finding of

contempt.  *See State v. Reece*, 2015 WL 176030 (Tenn. Ct. Crim. App. January 14, 2015).

The above events were accompanied by more discord than usually occurs in criminal

proceedings.  As noted by the Tennessee Court of Criminal Appeals in the introductory paragraph

of its opinion overturning Plaintiff's conviction:

> immediately after his arrest, the defendant began to challenge the actions of the
> Sumner County court system, filing numerous documents with this Court and the
> Tennessee Supreme Court and suing various persons and entities in federal court.
> The lower courts appointed four separate attorneys to represent the defendant, but
> each moved to withdraw.

*See State v. Reece*, 2013 WL 1089097 at *1.  The allegations recounted by Plaintiff in the 52 page

complaint filed in this action provide examples of this discord.

A summary of Plaintiff's federal court filings is further illuminating of the context in which

the instant lawsuit has been filed.  Early into the events at issue, Plaintiff unsuccessfully sought to

remove the state criminal proceedings to federal court and/or to obtain declaratory relief from the

federal court.  *See Reece v. Sumner County, Tennessee, et at.*, 3:09-1049.  In 2011, he filed a lawsuit

seeking relief under 42 U.S.C. § 1983 against 17 defendants based on allegations that his

constitutional rights had been violated by the events that had occurred to that point in his criminal

proceedings.  *See Reece v. L. Ray Whitley, et al.*, 3:11-1122.  Several of the claims raised by Plaintiff

were dismissed with prejudice upon initial review under 28 U.S.C. § 1915A(b), and the remainder

of his action was dismissed with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure

for failure to prosecute. *Id.* Plaintiff then filed a petition for federal habeas corpus relief on March 31, 2014, alleging that various legal infirmities in the state criminal proceedings had occurred. *See Reece v. State of Tennessee*, 3:14-0085. The petition was denied, and Plaintiff's appeal to the Sixth Circuit Court of Appeals was unsuccessful. *Id.* Plaintiff thereafter brought another action under 42 U.S.C. § 1983 against five individuals, asserting that his constitutional rights had been violated by their failure to provide him with a bail hearing for 106 days following the reversal of his conviction in March 2013. *See Reece v. John D. Wootten, Jr., et al.*, 3:14-1403. This action was dismissed with prejudice upon initial review under 28 U.S.C. § 1915(e)(2) for failure to state a claim for relief against any of the defendants. *Id.* Most recently, Plaintiff filed a second petition seeking federal habeas corpus relief, which was dismissed upon the Court's finding that Plaintiff was not in custody and, thus, could not seek habeas corpus relief. *See Reece v. State of Tennessee*, 3:16-0038.

## II. PLAINTIFF'S COMPLAINT

Plaintiff names 25 defendants in the instant lawsuit, many of whom have been sued in his previous Section 1983 actions. The Defendants consist of the judges, attorneys, and other officers involved in Plaintiff's state criminal proceedings, as well as three municipalities: District Attorney L. Ray Whitley; former or current Assistant District Attorneys Tara Wiley, William Lamberth, and Lytle A. James; former Tennessee State Attorney General Robert E. Cooper; Assistant State Attorney General Meredith DeVault; Criminal Court Judges Dee David Gay and John Wootten, Jr.; Chancery Court Judge Tom E. Gray; Circuit Court Judge C.L. "Buck" Rogers (now deceased); General Sessions Court Judges James Hunter and John Gwin; former or current Tennessee Court of Criminal Appeals Judges Robert Wedenmeyer, John E. Williams, Jerry L. Smith, and Allen E. Glenn; Gallatin

city police officer Chris Vines; Sumner County Circuit and General Session Court Clerk Mahailiah Hughes; criminal defense attorneys Laura Frost, Nathan Whittle, Manuel Russ, and Andrew Beasley;[1] the City of Gallatin, Tennessee; Wilson County, Tennessee; and Sumner County, Tenneseee. *See* Complaint (Docket Entry No. 1) at 14-16. Plaintiff states that he sues Defendants "individually, in their official capacities." *Id*. at 1 and 14.

Plaintiff brings claims under 42 U.S.C. § 1983 contending that his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments, *id.* at 10-11, have been violated in a multitude of ways during his criminal proceeding, beginning with an alleged lack of probable cause to support his arrest and the criminal charge and continuing through his judgment of acquittal and his unsuccessful appeal from that judgment. Plaintiff also brings claims for malicious prosecution and false imprisonment under state law. *Id*. at 1 and 3. He asserts that jurisdiction over this action exists pursuant to 28 U.S.C. §§ 1331, 1332, 1367, and 1652. *Id*. at 2. Plaintiff's main request for relief is for:

> this Court [to] grant to plaintiff declaratory relief upon the judgment rendered by Defendants on April 1, 2014, and find said judgment is null and void, and without force of law, and therefore does not trigger limitations for bringing this instant claim, for facts and reasons shown in Art. II, herein.

*Id*. at 52. In the alternative, Plaintiff requests compensatory damages of at least $75,000.00 and unspecified punitive damages. *Id*. at 51-52.

In support of his claims, Plaintiff contends that the state court's denial of his Sixth Amendment right to counsel before and during the first trial deprived the trial court of jurisdiction

---

[1] Defendants Frost and Whittle were two of the attorneys who represented Plaintiff prior to his original trial. Defendant Russ represented Plaintiff in his successful direct appeal, and Defendant Beasley represented Plaintiff in the second trial at which Plaintiff was acquitted.

to proceed in his case, as well as negated jurisdiction for (i) the Tennessee Court of Criminal Appeals to hear his direct appeal and remand for a new trial, (ii) the state trial court to hold a new trial upon remand, and (iii) the Tennessee Court of Criminal Appeals to issue a decision upon his appeal after the judgment of acquittal. *Id.* at 3-9. Plaintiff contends that, because the Tennessee Court of Criminal Appeals was without jurisdiction to remand his case for a new trial, the new trial that subsequently occurred without jurisdiction, *id*. at 3, and the judgment of acquittal on April 1, 2014, is, therefore, a nullity that does not amount to a termination of the criminal proceedings brought against him. *Id*. at 4. He further contends that the issue of probable cause has never been resolved in any court proceeding because the preliminary examination and indictment likewise occurred without proper jurisdiction.

In response to the Complaint, Defendants filed the pending motions to dismiss. Defendants raise various arguments for dismissal of Plaintiff's action, including Eleventh Amendment immunity, lack of subject matter jurisdiction, no grounds supporting declaratory relief, judicial immunity, quasi-judicial immunity, prosecutorial immunity, res judicata, statute of limitations, lack of proper service, a lack of factual allegations supporting Section 1983 claims, and a lack of factual allegations supporting claims upon which relief can be granted. Plaintiff was originally given a deadline of October 9, 2015, to respond to the motions, *see* Docket Entry No. 65, but this deadline was subsequently extended to December 4, 2015, upon his request. *See* Docket Entry No. 74.

Instead of filing a direct response to any of the pending motions to dismiss, Plaintiff filed two motions, both of which are currently pending: a motion for abatement of Rule 12 proceedings (Docket Entry No. 78) and a motion for declaratory judgment (Docket Entry No. 79). Plaintiff essentially argues that no ruling on the motions to dismiss should occur until the Court first issues

a declaratory judgment as to 1) the jurisdictional validity of the state court decisions, 2) whether a final judgment has been rendered against him in the criminal proceedings, and 3) whether he was legally bound over for further criminal proceedings subsequent to his arrest in 2009. *See* Docket Entry No. 79. Defendants have filed multiple responses in opposition to Plaintiff's motions. *See* Docket Entry Nos. 81-84, 86, 88-92.

### III. ANALYSIS

A. Applicable Standards

Defendants' motions to dismiss have been reviewed under the standard that the Court must accept as true all of the well pleaded factual allegations contained in the Complaint, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)*; Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). The complaint must provide the grounds for the entitlement to relief sought and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The factual allegations supplied must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). Merely positing a theory of legal liability that is unsupported by specific factual

allegations does not state a claim for relief which survives a motion to dismiss. *See Iqbal*, 556 U.S. at 678-79.

The Court has appropriately considered the prior written decisions of the state courts, as well as the docket entries in Plaintiff's prior federal lawsuits, in reviewing the motions to dismiss. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *overruled on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (in ruling on a Rule 12(b)(6) motion, the court may "consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies"); *Vaughn v. Metro. Gov't of Nashville & Davidson Cty.*, 2014 WL 234200, at *3 (M.D. Tenn. Jan. 22, 2014) (Trauger, J.); *Lee v. Dell Products, L.P.*, 236 F.R.D. 358, 361 (M.D. Tenn. 2006).

B. Plaintiff's recently filed motions

Plaintiff's motion for abatement and motion for a declaratory judgment lack merit and fail to set forth any valid grounds for further delay in resolving the pending motions to dismiss. Plaintiff had ample time to directly respond to the motions to dismiss but did not do so for reasons of his own choosing. Furthermore, the arguments made by Plaintiff in his motions are largely the same as those set out in his Complaint, and what Plaintiff seeks by his motions is essentially a preemptive ruling from the Court on substantive issues of law related to the claims raised in his Complaint. Such a ruling is clearly unwarranted.

C. Plaintiff's "lack of jurisdiction" argument

Before turning to the merits of any specific basis for dismissal, the Court first addresses Plaintiff's "lack of jurisdiction" argument because this argument underpins Plaintiff's Complaint and impacts both the merit of his claims and the merits of immunity and statute of limitations defenses. Although Plaintiff has obviously culled through case law in an attempt to construct an argument that circumvents the legal principles that apply to this lawsuit and that vitiate many of his claims, his argument is legally untenable.

Plaintiff argues that it is undisputed and acknowledged that his Sixth Amendment right to counsel was violated by the state court that initially tried him. Relying on language from the Supreme Court's decision in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), Plaintiff argues that this violation 1) was not reviewable on direct appeal by the Tennessee Court of Criminal Appeals, thereby depriving the state appellate court of any authority to rule on his case, and 2) destroyed the jurisdiction and authority of the lower trial court to act in his criminal case, as well as the jurisdiction of the state courts to proceed subsequent to his direct appeal. *See* Complaint at 13, and Motion for Declaratory Judgment at 7-9. The specific passage in *Zerbst* upon which Plaintiff relies is:

> Since the Sixth Amendment constitutionally entitles one charged with crime to the assistance of counsel, compliance with this constitutional mandate is an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty. When this right is properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction to proceed to conviction and sentence. If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty. A court's jurisdiction at the hearing of trial may be lost 'in the course of the proceedings' due to failure to complete the court - as the Sixth Amendment requires - by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life

or liberty is at stake.  If this requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus.  A judge of the United States - to whom a petition for habeas corpus is addressed - should be alert to examine 'the facts for himself when if true as alleged they make the trial absolutely void.'

304 U.S. at 467-68 (footnote citations omitted).

Plaintiff's reliance on *Zerbst* is misguided.  First, *Zerbst* involved (i) the  right to counsel as applied to a federal defendant (ii) who is seeking relief from a federal criminal conviction through federal habeas corpus.  Thus, the analysis in *Zerbst* was not directed at either the appropriateness of state appellate review or the right to counsel as applied to a state defendant.  Second, the Supreme Court's use in *Zerbst* of "jurisdictional" language and its framing the violation of the right to counsel as a "jurisdictional" defect in the lower court must be viewed within the context of habeas corpus jurisprudence that existed at the time, which conditioned habeas corpus relief upon the finding of a "jurisdictional" error.  *See Curtis v. United States*, 511 U.S. 485, 494 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (discussing *Zerbst*), and *Wainwright v. Sykes, 433* U.S. 72, 79, 98 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (acknowledging that the Court had "openly discarded" the concept of jurisdiction as the touchstone of the availability of federal habeas review).  The import of *Zerbst* was the recognition of the fundamental significance of the Sixth Amendment right of a defendant to be assisted by counsel, not the impact of the violation upon the continuing jurisdiction of the lower court.

Plaintiff offers no case law supporting his novel contention that violations of the right to counsel are not reviewable by the state courts upon direct review and that he is somehow outside the jurisdiction of further prosecution under state law because of the violation of his Sixth Amendment right to counsel.  As a state defendant, Plaintiff's Sixth Amendment right to counsel was not recognized until *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), but

*Gideon* did not create the remedy sought by Plaintiff. Indeed, the remedy provided for a fundamental structural error caused by the denial of a criminal defendant's right to counsel is exactly what was provided to Plaintiff by the Tennessee Court of Criminal Appeals, the automatic reversal of his conviction. *See Holloway v. Arkansas*, 435 U.S. 475, 489, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978) *Hereford v. Warren*, 536 F.3d 523, 528-29 (6th Cir. 2008). Plaintiff is mistaken in his belief that the reversal of his conviction because of the violation of his right to counsel somehow bars the state from retrying him or removes from the state courts any further jurisdiction over the criminal proceedings against him.

D. Rooker-Feldman Doctrine

Under the *Rooker-Feldman* doctrine,[2] a federal district court does not have jurisdiction to review state court judgments and, thus, federal plaintiffs are barred from seeking review of a state-court decision in a federal district court. *Carter v. Burns*, 524 F.3d 796, 798 (6th Cir. 2008); *Howard v. Whitbeck*, 382 F.3d 633, 638 (6th Cir. 2004). Although the proper application of the *Rooker-Feldman* doctrine is sometimes not easily determined, Plaintiff's specific request for declaratory relief that the judgment of acquittal from the state criminal court on April 1, 2014, be declared "null and void," as well as any other request seeking to void the judgments of the state criminal court, are requests barred by this doctrine. Indeed, the lawsuit brought in *Rooker* that the Supreme Court found to be barred involved a plaintiff requesting that the federal district court declare the state court judgment rendered against him to be "null and void." *See Rooker*, 263 U.S. at 414–15.

_____

[2] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

Accordingly, that part of Plaintiff's Complaint seeking declaratory relief should be dismissed as barred by *Rooker-Feldman.*

However, to the extent that Plaintiff also seeks relief in the form of damages through independent claims for injuries that, while related to the state court criminal proceedings, are not injuries caused by the state court judgments themselves, *Rooker-Feldman* does not preclude review of those claims. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *Todd v. Weltman, Weinberg & Reis Co.*, 434 F.3d 432, 435–36 (6th Cir. 2006).

E. Motions to Dismiss

Plaintiff fails to state a claim for relief under Section 1983 against any of the four attorneys who represented him in the criminal proceedings. A necessary element for any claim brought under Section 1983 is that the defendant must have acted under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1732-33, 56 L.Ed.2d 185 (1978). It is well settled that attorneys do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Stamper v. Bouldin*, 2002 WL 311119693, 46 Fed.App'x. 840, 841 (6th Cir. Sept. 24, 2002). Additionally, any possible claims brought against these four Defendant under either federal or state law are based upon events that occurred several years ago and are claims that accrued more than one year prior to the filing of the instant action on April 2, 2015. Thus, Plaintiff's claims against these four defendants, whether brought under state or federal law, are barred by the one year statute of limitations applicable to the claims. *See* Tenn. Code. Ann. §§ 28-3-104; *Roberson v.*

*Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998). For these reasons, the motions to dismiss of Defendants Laura Frost, Nathan Whittle, Andrew Beasley, and Manuel Russ (Docket Entry Nos. 35, 48, 51, and 59) should be granted.

Plaintiff's claims against the several State Defendants[3] likewise should be dismissed, and the State Defendant's motion to dismiss (Docket Entry No. 39) should be granted. Any damage claims under Section 1983 brought against the State Defendants in their official capacities are barred by the Eleventh Amendment, which prevents a plaintiff from suing a state, a state agency, or any of its employees in their official capacities for monetary damages on claims bought under Section 1983 unless the state has waived its sovereign immunity by consenting to such a suit. *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Turker v. Ohio Dept. of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). Tennessee has not consented to being sued under Section 1983. *See Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986). Additionally, an official acting in his official capacity is not a "person" for the purposes of a suit brought under Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Hardin v. Straub*, 954 F.2d 1193, 1198 (6th Cir. 1992).

To the extent that Plaintiff's Complaint can be liberally read to assert individual liability claims for damages against the Defendants, his claims fair no better. Several of the State Defendants are judges who were involved in the criminal proceedings, either at the trial or appellate level. Judicial officers are absolutely immune from civil suits under Section 1983 for monetary damages

---

[3] The "State Defendants" are Robert Cooper, Meridith Devault, Dee David Gay, Allen Glenn, Tom Gray, Lytle James, William Lamberth, CL "Buck" Rogers, Jerry Smith, Robert Wedemeyer, Ray Whitley, Tara Wiley, John Williams, and John Wootten.

brought against them based upon their judicial actions. *Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355-56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000). This immunity is not overcome by allegations of bad faith or malice on the part of the judicial officer. *Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Mireles*, 502 U.S. at 11; *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). Absolute immunity is overcome only if 1) the actions at issue were not taken in the judge's judicial capacity and, thus, are not judicial in nature, or 2) the actions at issue were taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12.

Despite making a multitude of allegations against the defendant judges and labeling certain actions taken by the judges as "administrative" actions, *see* Complaint at 22-51, Plaintiff fails to show that any of the actions about which he complains were not judicial in nature. Indeed, the actions about which he complains are the type of routine functions performed by judges in criminal proceedings. Plaintiff's argument that the state courts were without jurisdiction to proceed against him and, thus, the judges acted in the absence of jurisdiction, has been found herein to be legally unsound. Similarly, the Court finds no legal merit in any of Plaintiff's creative, but fallacious, arguments that the state courts acted in the complete absence of jurisdiction at various points in the criminal proceedings against him. Plaintiff's dissatisfaction with the manner in which the criminal proceedings were conducted simply does not negate the shield of judicial immunity that entitles Defendants Gay, Gray, Glenn, Rogers, Smith, Wedemeyer, Williams, and Wootten to the dismissal of any Section 1983 damage claims brought against them.[4]

---

[4] Plaintiff's Complaint does not set out a claim under state law against the defendant judicial officers. However, Tennessee provides for judicial immunity under state law that mirrors the immunity provided under federal law. *See Harris v. Witt*, 552 S.W.2d 85 (Tenn. 1977); *Heath v.*

Absolute prosecutorial immunity applies to the damage claims brought against Defendants Whitley, Lamberth, James, Wiley, Cooper, and DeVault, who were each involved in the criminal prosecution of Plaintiff at trial or on appeal. A prosecuting attorney has absolute prosecutorial immunity from liability under Section 1983 for any actions taken within the scope of his duties in prosecuting criminal charges against a criminal defendant. *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Ireland v. Tunis*, 113 F.3d 1435, 1446-47 (6th Cir. 1997). The alleged actions of the defendant prosecutors, *see* Complaint at 26-44, are all actions intimately associated with the judicial phase of the criminal process and actions taken in their roles as advocates for the state in the criminal prosecution of Plaintiff. As such, their actions are protected by absolute prosecutorial immunity. *See Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Imbler*, *supra*; *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Cady v. Arenac Cnty.*, 574 F.3d 334, 340 (6th Cir. 2009). The shield of prosecutorial immunity applies regardless of allegations of illegal or improper conduct on the part of these Defendants in the criminal prosecution of Plaintiff. *See Imbler*, 424 U.S. at 413, 430; *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989); *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986).[5]

Dismissal should also be granted to Defendants James Hunter, Mahailiah Hughes, Sumner County, John Gwin and Wilson County, and their motions to dismiss (Docket Entry Nos. 44 and 61) should be granted. Defendants Hunter and Gwin are general sessions judges who were involved in

---

*Cornelius*, 511 S.W.2d 683 (Tenn.1974).

[5] Plaintiff's Complaint does not set out a claim under state law against the defendant prosecutors. To the extent that a state law claim had been properly pled, Tennessee provides for prosecutorial immunity under state law that mirrors the immunity provided under federal law. *See Willett v. Ford*, 603 S.W.2d 143 (Tenn.Ct.App. 1979)

Plaintiff's criminal proceedings and who are entitled to absolute judicial immunity for the same reasons as set out with respect to the State Defendant judicial officers. Defendant Hughes is named as a defendant but there are no allegations in the Complaint against her, and the Complaint is subject to dismissal as against her for this reason alone. Regardless, as the county court clerk associated with Plaintiff's criminal prosecution, she would nonetheless be entitled to quasi-judicial immunity from any damage claims for actions she took in her role as the court clerk. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). *See Johns*, 109 Fed.App'x at 21; *Lyle v. Jackson*, 49 Fed.App'x. 492, 2002 WL 31085181 (6th Cir. Sept. 2002); *Chapman v. Kelley*, 2002 WL 1974136, *5 (Tenn.Ct.App. Aug. 28, 2002).

To the extent that Plaintiff seeks to assert a claim of municipal liability under Section 1983 against Defendants Sumner County and Wilson County, the allegations of his Complaint fall woefully short of stating a plausible municipal liability claim against them. *See Monell v. Department of Soc. Servs*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Hutchison v. Metropolitan Gov't of Nashville and Davidson Cnty.*, 685 F.Supp.2d 747, 751 (M.D. Tenn. 2010). Indeed, both of these municipal defendants appear to have been named as defendants solely because they are the purported employers of Defendants Hunter, Hughes, and Gwin, which is an insufficient basis to state a claim against them. *See Board of County Comm'rs v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Turner v. City of Taylor*, 412 F.3d 629, 643(6th Cir. 2005).

The final two Defendants are Chris Vines and the City of Gallatin. Defendant Vines is the officer who arrested Plaintiff on September 19, 2009, and filed an affidavit with a Sumner County judicial officer for an arrest warrant. Plaintiff contends that Defendant Vines acted without sufficient probable cause to support his actions. *See* Complaint at 17-18. Plaintiff further contends that the

issue of probable cause was never properly heard by the State, that the preliminary examination and grand jury indictment in his case were flawed and nullities, and that Defendant Vines committed perjury when testifying before the grand jury. *Id*. at 6-8. With respect to Defendant City of Gallatin, Plaintiff alleges that the City of Gallatin was aware that its police officers were engaging in lawless and corrupt behavior in violation of federal and state law and caused or encouraged Defendant Vines' actions through a policy of indifference or negligence to the conduct of the police officers. *Id*. at 18-21.

Defendants' motion to dismiss (Docket Entry No. 63) should be granted. Initially, the Court notes that Defendant Vines' argument that he has been improperly served with process in his individual capacity has not been rebutted by Plaintiff. Even if the Court assumes that Defendant Vines was properly served, however, the claims brought against him and the City of Gallatin warrant dismissal because they have not been timely filed.

Claims brought under Section 1983 are subject to the one year statute of limitations set out at Tenn. Code Ann. § 28-3-104. *Roberson*, 399 F.3d at 794; *Merriweather*, 107 F.3d at 398. Although the duration of the statute of limitations is governed by state law, the question of when the statute of limitations begins to run is determined by federal law. *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 5216, 519 (6th Cir. 1997). Generally, a limitations period begins to run when Plaintiff knew or should have known of the injury that forms the basis of the claim. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). A claim brought under the Fourth Amendment for false arrest or for false imprisonment accrues at the time of the arrest or, if the arrest is followed by criminal proceedings, no later than the first judicial proceeding subsequent to arrest. *See Wallace v. Kato*, 549 U.S. 384, 388-91, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); *Fox v. Desoto*, 489 F.3d 227, 233 (6th

Cir. 2007). Accrual of this type of claim does not depend upon the termination of criminal charges in favor of a plaintiff but begins at the time when a plaintiff becomes "detained pursuant to the legal process," *Wallace*, 549 U.S. at 397, which the Supreme Court has held occurs when a plaintiff is "bound over by a magistrate or arraigned on charges." *Id*. at 389.

Plaintiff's own allegations are that, subsequent to his arrest, a preliminary hearing occurred on February 8, 2010, *see* Complaint at 26, and he was indicted by the grand jury on March 4, 2010. *Id*. at 28. Under *Wallace*, any Section 1983 claim for false arrest or false imprisonment accrued no later than February 8, 2010, when the preliminary examination occurred or, even more generously, on March 4, 2010, when he was indicted by the grand jury. The one year statute of limitations began to run at this time, and Plaintiff had one year to file his Section 1983 claim for false arrest or false imprisonment. Plaintiff's argument that his claim has never accrued because the preliminary hearing and subsequent indictment were jurisdictionally flawed and, thus, he has never been legally "bound over" is meritless and unpersuasive. Plaintiff was clearly detained pursuant to the legal process at the time of these proceedings regardless of his arguments as to why the proceedings were legally flawed.

Even when Plaintiff's claim is considered as one asserting malicious prosecution, the claim remains untimely. A federal cause of action exists under Section 1983 for malicious prosecution. *Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015). As with Plaintiff's other Section 1983 claims, his malicious prosecution claim is governed by the applicable one year statute of limitations of Tenn. Code. Ann. § 28-3-104 and must have been brought within one year of when the claim accrued, which has been held to be the date when the underlying criminal proceedings were terminated in plaintiff's favor. *Dunn v. Tennessee*, 697 F.2d 121, 127 (6th Cir.1987). *See also Fox*,

489 F.3d at 233 (finding, after *Wallace*, that the plaintiff's malicious prosecution claim accrued at the time of acquittal). A malicious prosecution claim under Tennessee law is governed by the same accrual standard. *See Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992); *Gray v. 26th Judicial Drug Task Force*, 1997 WL 379141 at *2 (Tenn.Ct.App. July 8, 1997).

Plaintiff was acquitted of the criminal charge on April 1, 2014. *See* Complaint at 52. It was on this day that the criminal proceedings were terminated in his favor and on this day when his claim was complete and could have been filed. *See Sewell v. Par Cable, Inc.*, 1988 WL 112915 at *2 (Tenn.Ct.App. Oct. 26, 1988) ("Tennessee courts have never fully determined what type of disposition satisfies the favorable termination requirement. Obviously, an acquittal suffices."). Although Plaintiff contends that he filed this action within one year of when his cause of action accrued, *id*. at 3, his action was not filed until April 2, 2015, one day after the statute of limitations had run on his claim. As such, this claim is untimely and subject to dismissal. *See Merriweather v. City of Memphis*, 107 F.3d 396, 400 (6th Cir. 1997) (finding that a complaint filed a year and a day after claim accrued was untimely under Tennessee's one year statute of limitations); *Wallace v. Kroger Ltd. P'ship I*, 2009 WL 1097514 at *2 (Tenn.Ct.App. Apr. 23, 2009) (same). Relying upon his "jurisdictional argument," Plaintiff argues that the judgment of acquittal at his second trial was not really a final judgment and did not constitute a termination of the criminal proceedings which would trigger the running of the statute of limitations. *See* Complaint at 4-5, 13, and 52.[6] As set out herein, the Court has rejected Plaintiff's "jurisdictional argument," and Plaintiff has shown no other

---

[6] The wording of Plaintiff's prayer for relief in his Complaint suggests that Plaintiff recognized the potential impact of the statute of limitations at the time he filed his lawsuit. *See* Complaint at 52.

legal support for his novel argument that an acquittal at criminal trial does not function as a termination in favor of the criminal defendant.

In the end, Plaintiff complaint warrants dismissal in its entirety. His request for declaratory relief seeking to declare void or nullify the state courts' trial and appellate decisions in his criminal case is barred from being heard by *Rooker-Feldman* and is also based upon a tortuous argument that has no legal support. Further, he fails to set forth claims for damages against any of the Defendants that are not subject to dismissal based upon accepted and well established legal principles.[7]

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS:

1) Plaintiff's motion for abatement of Rule 12 proceedings (Docket Entry No. 78) and motion for declaratory judgment (Docket Entry No. 79) be DENIED; and

2) Defendants' motions to dismiss (Docket Entry Nos. 35, 39, 44, 48, 51, 59, 61, and 63) be GRANTED that this action be DISMISSED as to all claims and Defendants.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See*

---

[7] Because Plaintiff's claims are readily subject to dismissal as set out herein, the Court finds it unnecessary to address any of the other arguments for dismissal raised by Defendants.

*Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge